UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
STATEWIDE TOWING ASSOCIATION,  )
INC., et al.,                  )
                               )
            Plaintiffs,        )
                               )   Civil Action
v.                             )   No. 19-40140-PBS
                               )
THOMAS TURCO, in his official  )
capacity, and CHRISTOPHER MASON,)
in his official capacity,      )
                               )
            Defendants.        )
_____)
```

**MEMORANDUM AND ORDER**

March 3, 2020

Saris, D.J.

**INTRODUCTION**

After review of the briefs, the Court **ALLOWS** Defendants' Motion to Dismiss the First Amended Complaint (Docket No. 41). The Court assumes familiarity with the Memorandum and Order dated November 26, 2019 (Docket No. 40), which denied Plaintiffs' motion for preliminary injunction.

**DISCUSSION**

In considering a motion to dismiss, a court must set aside a complaint's conclusory statements and examine only the pleader's factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable

1

inference that the defendant is liable for the misconduct alleged." Id. at 678.

Plaintiffs challenge the Massachusetts State Police's Request for Response ("RFR") as violating the Federal Aviation Administration Authorization Act ("FAAAA"), which prohibits states or political subdivisions of states from "enact[ing] or enforc[ing] a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . with respect to the transportation of property," 49 U.S.C. § 14501(c)(1).

The FAAAA's "'force and effect of law' language excludes from the clause's scope contractual arrangements made by a State when it acts as a market participant, not as a regulator." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 569 U.S. 641, 642 (2013) (citation omitted); see also Petrey v. City of Toledo, 246 F.3d 548, 558-59 (6th Cir. 2001) (citing cases), abrogated on other grounds by City of Columbus v. Ours Garage & Wrecker Serv., Inc., 536 U.S. 424 (2002).

As the Court concluded in its denial of Plaintiffs' motion for preliminary injunction (Docket No. 40), the RFR serves as a procurement document; its requirements apply only to those companies that bid for a contract with the State Police to provide towing services. Because the RFR does not have the

"force and effect of law," the FAAAA's preemption provision does not apply.

Even assuming the RFR had the "force and effect of law," it would be exempted from preemption by the FAAAA's savings clauses. The nonconsensual towing exception exempts from preemption any law "relating to the regulation of tow truck operations performed without the prior consent or authorization of the owner or operator of the motor vehicle." 49 U.S.C. § 14501(c)(2)(C). The RFR applies only to "police-directed <u>involuntary towing</u>, service and recovery of vehicles." Docket No. 31-1 at 5 (emphasis added). By its terms, then, the RFR applies only to tows "performed without the prior consent or authorization of the owner or operator of the motor vehicle." <u>See</u> <u>Ace Auto Body & Towing, Ltd. v. New York</u>, 171 F.3d 765, 777–78 (2d Cir. 1999) (quoting 49 U.S.C. § 14051(c)(2)(C)).

The amended complaint makes the conclusory statement that the RFR regulates "both consensual and non-consensual components of the towing and recovery industry," Docket No. 31 ¶ 41. However, Plaintiffs made no factual allegations that the RFR has been applied to consensual towing or any circumstances beyond police-initiated towing. Plaintiffs are apparently confident that "the RFR will apply to consensual towing and recovery by virtue of § 3.5.1 of the RFR," Docket No. 47 at 7, which applies its rate cap "notwithstanding any private agreement or construct

3

designed to evade the use of" the fee schedule, Docket No. 31-1 at 18. In their opposition to Defendants' motion to dismiss, Plaintiffs argue that § 3.5.1 would apply the RFR's rate cap to nonconsensual towing services that later turn consensual. See Docket No. 47 at 7. This language, while unclear, does not broaden the RFR's self-defined scope of application to only nonconsensual tows.

## ORDER

Defendants' motion to dismiss Plaintiffs' First Amended Complaint (Docket No. 41) is **ALLOWED**.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge